## POTTER vs. RICHARDSON.

A person bound under an order of court to give surety must give persons residing within the state.

APPEAL from the court of the third district.

MARTIN, J. delivered the opinion of the court. Potter filed his petition, stating that

East'n District.
*May*, 1823.

POTTER
*vs.*
RICHARDSON.

in 1819, he purchased from W. A Richardson a slave, for $1500, payable on the 1st of Jan. 1821, and mortgaged a house for the price; that he refused payment, having discovered that the title to the slave was in Richardson's father; and he was 40, instead of 37 years of age as the vendor had represented, and ignorant of the trade of a mason or bricklayer, although he was expressly sold as such.

That Richardson having brought suit, at October term, 1821, in the absence of the petitioner, obtained a judgment, by which an injunction, which the latter obtained to stay an order of seizure of sale procured by the former, was dismissed, and judgment for costs given for the present petitioner, and the order of seizure and of sale, theretofore granted and enjoined, staid, until the 1st of January following, and until Richardson gave good and sufficient security to indemnify his vendee for all damages which he might suffer from an eviction.

That the executors of F. Richardson, the father of W. A. Richardson, have tendered a penal bond to the petitioner, to secure him in the title and possession of the slave; that the said bond is invalid, as it will not protect the

petitioner against the claims of F. Richard-son; that in the state of Mississippi, in which the testator lived and died, and where his executors reside, executors cannot dispose of slaves, without certain formalities, which were not, in the present case, fulfilled.

That W. A. Richardson pretended to your petitioner that he had a power of attorney from his father to sell the slave, and promised to have it duly recorded, but has absolutely neglected to do so.

That notwithstanding this he has procured a seizure of the mortgaged property by the sheriff, who is preparing to sell it.

The petition concluded, that as Richardson had not complied with the terms of the judgment, by giving bond as thereby required, an injunction might issue.

The injunction was accordingly granted.

Richardson's answer states that the injunction is illegal, as the facts set forth in the petition (if true) are insufficient, and the facts alledged on the ground of the order of seizure, are incorrectly stated.

On motion of Richardson the injunction was dissolved, and judgment for costs given in his favor.

The judge has certified that Richardson's attorney moved to dismiss the petition for the injunction, after the suit was at issue, as appears by the answer, on the ground that the petition contained no equity on the face of it. This motion was opposed by Potter's attorney on the ground of surprise, and of its being an indirect attempt to get rid of the suit, without putting it on its merits.    He at the same time offered an affidavit for a continuance. His objections being overruled, he took a bill of exceptions.    He appealed.

*East'n District.*
*May,* 1823.

POTTER
*vs.*
RICHARDSON.

His counsel urges that,

1.  The judgment on which the execution issued is *alternative* and void.

2.  The sale of the slave was void, he being the thing of another.

3.  The bond tendered, in performance of the judgment, is not the one it required. The executors' bond does not answer; the heirs themselves ought to have been bound.

4.  Legal freehold sureties resident within the parish of Feliciana was not given.

5.  The power of attorney should have been recorded.

6.  The suit should have been tried on the

POTTER
*vs.*
RICHARDSON.

merits, and the appellant's testimony should have been heard.

The counsel has referred us to *Harrison's Chan. Pract.* 545; *Fowler's Excheq. Pract.* 283; 2 *Veazy & Beams*, 412–13; *Eden on Injunctions*, 65—6; *Civil Code*, 434, art. 25; *Part.* 3, 3, 1.

The two first and the fifth points are applicable to the judgment related in the petition, which is not appealed from, and the record of which is not brought up.

The judgment stays the order of seizure, till good and sufficient indemnity be given against all damages, which the appellant may hereafter suffer by an eviction of the slave. Richardson's own bond, with proper sureties would certainly have sufficed; that of any other person with proper sureties is still better; for the obligation of the principal in the bond is an additional security, as Richardson is equally bound personally to indemnify his evicted vendee, whether he executes a bond or not.

The party who is bound under an order of court to give surety, must give persons residing within the state, and answerable to the process of her courts, *Civil Code*, 432. The order of the court which required sureties to

be given, was not therefore complied with by the tender of the bond, of persons residing in the state of Mississippi. On this law the injunction was improperly dissolved.

It is thefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed, and the case be remanded to the district court, with directions to proceed therein, as if the injunction had not been dissolved, the costs of the appeal to be borne by the appellee.

*Preston* for the plaintiff, *Eustis* & *Watts* for the defendant.